FILED
SUPERIOR COURT
OF GUAM

2023 OCT 18 PM 4: 37

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0249-22** |
| vs. | **DECISION AND ORDER** |
| **VILANI MARIE MENO,** | |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant **VILANI MARIE MENO's** ("Defendant") Motion to Dismiss for Lack of Probable Cause ("Motion to Dismiss"). Present were Assistant Attorney General Matthew Shuck on behalf of the People of Guam ("the Government") and Defendant with counsel, Assistant Public Defender William Bischoff. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On May 9, 2022, Defendant was indicted with the following charges: (1) Theft by Receiving (As a Second Degree Felony) and (2) Vehicle Without Identification (As a Misdemeanor). (Indictment, May 9, 2022). These charges stem from allegations that Defendant was in possession of a stolen vehicle without a license plate. (Decl. of Matthew M. Shuck, Magistrate's Compl., Apr. 20, 2022).

On August 16, 2022, Defendant filed the instant Motion. The matter was held in abeyance pending the return of a Warrant of Arrest issued for Defendant's arrest after the filing of a Third

Violation Report on July 5, 2022 and a Fourth Violation Report on August 10, 2022. *See* Warrant of Arrest, Aug. 24, 2022.

On September 6, 2023, Defendant was arrested pursuant to the Warrant. *See* Return of Warrant Service, Sep. 6, 2023.

On September 7, 2023, at the Return of Warrant Hearing, the Court ordered the Government to respond to the Motion to Dismiss and indicated the matter would be further addressed at the following hearing. Later that day the Government filed its Opposition.

On September 15, 2023, the Court placed the matter under advisement without further argument from the parties.

## DISCUSSION

Defendant moves the Court to dismiss the First Charge of Theft by Receiving (As a Second Degree Felony) because no probable cause exists to support the charge as required under 8 G.C.A. § 15.20. (Mot. Dismiss at 2). Defendant sets forth that "there is no allegation that Ms. Meno knew that the Nissan Frontier was stolen, or that she believed it had probably been stolen. It is only alleged that Ms. Meno knew and believed that she was using a Nissan Frontier that her pari Felix Gogue had borrowed from his friend." *Id.* at 3. The Government opposes, setting forth facts that it believes support the charge. *See generally*, Opp'n, Aug. 7, 2023.

Section 15.20 is titled "Issuance of Summons or Warrant on Complaint" and provides in relevant part that:

> If it appears from the complaint and the affidavits filed therewith that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the judge shall issue a summons for the appearance of the defendant.

8 G.C.A. § 15.20(a). This section is inapplicable here as at this stage in the proceedings, a grand jury returned an indictment on May 9, 2022 charging Defendant with one second degree felony and a misdemeanor. "Any felony together with any related misdemeanor shall be prosecuted by indictment, or, if indictment is waived, or a preliminary hearing held and an order issued holding the defendant to answer under § 45.80 of this Code, it may be prosecuted by indictment or by information. Any other offense shall be prosecuted by complaint." 8 G.C.A. § 1.15. An

indictment "shall contain a plain, concise and definite written statement of the essential facts constituting the offense charged, and shall be signed by the prosecuting attorney." 8 G.C.A. § 55.10. An indictment is sufficient if "it contains the elements of the crime charged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution for the same offense." *People v. Jones,* 2006 Guam 13 ¶ 12 (citing *People v. Salas,* 2000 Guam 2 ¶ 19). The "grand jury serves a gatekeeping function by considering the sufficiency of the evidence to support an indictment." *People v. San Nicolas,* 2013 Guam 21 ¶ 21 (citation omitted). A "Grand Jury shall find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 G.C.A. § 50.54(b). *See also San Nicolas,* 2013 Guam 21 ¶ 10 ("An indictment will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it."). "An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits." *United States v. Costello,* 350 U.S. 359, 363 (1956).

At this time, the Court finds that Defendant was indicted by a legally constituted and unbiased grand jury which found probable cause to charge Defendant with the offenses in the Indictment. Defendant does not allege that the Indictment is deficient or that the grand jury received incompetent evidence. *See, e.g., San Nicolas,* 2013 Guam 21 ¶ 14 (failure of an indictment to sufficiently state an offense is a fundamental defect that can be raised at any time); *People v. Quidachay,* 815 F.2d 1311, 1313 (9th Cir. 1987) ("if sufficient competent evidence to support the verdict was not received, then the indictment is void. Thus, the defendant can challenge the sufficiency of the indictment to determine if 'competent evidence' supports it"). Instead, Defendant cites to the Declaration attached to the Magistrate's Complaint to argue that no probable cause exists pursuant to 8 G.C.A. § 15.20(a). *See* Mot. Dismiss at 1. Therefore, the Court DENIES Defendant's Motion to Dismiss.

//

//

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss. Parties shall return for a **Status Hearing** on **November 7, 2023** at **10:00 a.m.**

**IT IS SO ORDERED** this 18TH day of October, 2023.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam